RECEIVED
2005 JUL -6 A 8:41
[stamp] MAY 2005 RECEIVED FRANK LUCAS CIRCUIT CLERK

# IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
## AT ALEXANDER CITY, ALABAMA

| | |
|---|---|
| E. PAUL JONES, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>MBNA AMERICA, a Delaware Corporation)<br>a/k/a MBNA Consumer Services, )<br>Inc. )<br>)<br>Defendant )<br>) | Case Number CV-05-113 |

## COMPLAINT FOR MONEY DAMAGES AND DECLARATORY OR INJUNCTIVE RELIEF

Comes now the Plaintiff, E. Paul Jones, by and through Counsel, and represents the following to the court:

1. The Plaintiff is a resident citizen of the State of Alabama, and specifically of the area of Tallapoosa County, Alabama situated on the West side of the Tallapoosa River. He is of legal age.

2. The Defendant is a credit card company, which also provides numerous other lending services, including, but not limited to: home loans, aircraft loans, automobile loans, banking services and insurance services throughout the United States and other countries. The Plaintiff is informed, and believes, that the Defendant is a Delaware Corporation. The Defendant has not qualified to do business in Alabama as MBNA America, according to records in the Office of the Secretary of State of the State of Alabama, and the only company with a similar name is MBNA Consumer Services, Inc., which was incorporated on 08-20-1992.

3. The Defendant regularly solicits business throughout the State of Alabama, by means of the Internet, the U.S. Postal service, and by radio, television and various print media advertisements. The Defendant regularly does business in Alabama by issuance of hundreds and possibly thousands of credit cards throughout the state, as well as by the provision of other financial services to individuals throughout the state.

4. The Plaintiff responded to such a solicitation in 1993, and was issued a Visa card with the ending number of 7974. The card initially had a relatively low credit line, but due to the activity on the card, the Defendant, without having been requested to do so, increased the credit line to approximately Fifty Thousand Dollars ($50,000.00).

5. Over the years, the Defendant repeatedly mailed checks with the Plaintiffs credit card statement, but the Plaintiff never used such checks. The balance on the account was maintained in the range of One to Five Thousand Dollars, and was usually used for travel expenses.

6. On several occasions, the Defendant would call to confirm purchases by the Plaintiff, if there was an unusual pattern of purchases, such as several charges in one day, an unusually large purchase, or several purchases in foreign countries. The Plaintiff relied on the fiduciary responsibility of the Defendant to recognize and alert him to unusual activity, as they had elected to do on a voluntary basis over the years.

7. The Plaintiff operated a law office in Alexander City, Alabama, and authorized a secretary to pick up mail, handle routine office matters, and to write checks on a small operating account in which he maintained a balance of Two to Three Thousand Dollars ($2-3000.00).

8. Such secretary was never authorized to use or to write checks on the account secured by the credit card issued by the Defendant.

9. During the year 2004, beginning around July, the said secretary began writing checks on the blank checks voluntarily supplied by the Defendant, depositing such checks in the operating account of the Plaintiff, and then writing checks to herself out of such operating account, ALL without the knowledge or authorization of the Plaintiff.

10. The Defendant failed to follow the operating procedure it had established through custom and practice, by failing to notify the Plaintiff of the fact that over Thirty Thousand Dollars ($30,000.00) in credit card checks had been written on the account of the Plaintiff. They also breached their fiduciary duty by negligently failing to detect the forgery of the checks, although they had on record numerous documents signed by the Plaintiff.

11. The secretary managed to conceal her activity by intercepting all mail, and by concealing the statements which were received from both the Defendant and the Plaintiffs bank until she was terminated for the suspected theft of other funds in January, 2005. The Plaintiff has requested copies of his bank statements from Southtrust Bank for the account in question, since all such statements had been destroyed.

12. The Plaintiff immediately notified the Defendant of the fraudulent use of the credit card, and in fact, notified the Defendant that he had benefitted from three of the checks forged on his account. He offered to pay those charges, and notified the Defendant that the matter was being referred to the Tallapoosa County Sheriff for prosecution.

13. Contrary to the provisions of the *CONSUMER CREDIT PROTECTION ACT*, and specifically the provisions of *15 USCS 1643* of the United States Code, the Defendant has failed and refused to abate the fraudulent use charges made on the said credit card, have continued to bill the Plaintiff for said charges, have continued to charge the Plaintiff interest on such charges, and have continued to make telephone collection calls to the Plaintiff in an attempt to collect said charges.

WHEREFORE, THE PREMISES CONSIDERED, the Plaintiff requests that this honorable Court take jurisdiction of this matter, and upon hearing and considering the evidence in the cause would enter an order granting the Plaintiff the following specific relief:

1. Abating all charges to the credit card specified herein which were the result of fraudulent usage. Such usage is approximately Thirty Thousand Dollars ($30,000.00).

2. Abating all interest charges which have accrued to the account of the Plaintiff as a result of such fraudulent charges.

3. Requiring the Defendant to remove any negative credit reports or comments that have been issued as a result of such fraudulent charges, and to issue a positive credit report based on the activity on this account prior to the year 2004.

4. Fixing and awarding damages for the Defendants breach of it's fiduciary duty and it's negligence in regard to this account in the sum of Thirty-Five Thousand Dollars ($35,000.00).

5. Awarding such other, further and different relief as the Court may deem just and appropriate upon consideration of all the evidence in such matter.

Respectfully submitted,

E. Paul Jones, pro se
P.O. Box 448
Alexander City, Alabama 35011
256 329-8929